STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
Civil Action
Docket No. CV-05-767

CHRISTOPHER GRIMM,
ARTHUR GRIMM and
ACCESS MAINE STREET #1, LLC,

Plaintiffs

v.

**DECISION AND ORDER**

ROY ALLEN,
BTG ADMINISTRATIVE SERVICES, LLC,
CAREER MANAGEMENT SERVICES, INC.,
ENDEAVOR FOUNDATION, INC.,
HSTI a/k/a HEADHUNTER SPA TECH
INSTITUTE, and KRIS STECKER,

Defendants

DONALD L. GARBRECHT
LAW LIBRARY

OCT 27 2006

## I. BEFORE THE COURT

Defendants, Career Management Services, Inc.; Headhunter II School of

Hair Design, Inc.; and Kris Stecker move to dismiss this action against them for

lack of personal jurisdiction and for failure to state a claim on multiple counts.

## II. BACKGROUND

Christopher and Arthur Grimm have filed a complaint[1] alleging eight

causes of action:

- Count I, breach of contract by Roy Allen ("Allen");

- Count II, breach of contract by Endeavor Foundation, Inc. ("Endeavor");

- Count III, breach of contract by Career Management Services, Inc. ("CMS");

---

[1] The amended complaint filed on April 4, 2006 is the operative pleading.

- Count IV, breach of contract by Kris Stecker ("Stecker");

- Count V, unjust enrichment against BTG Administrative Services, LLC ("BTG");

- Count VI, unjust enrichment against CMS;

- Count VII, unjust enrichment against Stecker; and,

- Count VIII, unjust enrichment against HSTI Spa Tech Institute, Inc. ("Spa Tech").[2]

Defendants CMS, HSTI and Stecker have filed a Motion to Dismiss for lack of personal jurisdiction, M.R.Civ.P. 12(b)(2) and for failure to state a claim, M.R.Civ.P. 12(b)(6).

This case arises from an investment made by the plaintiffs, Arthur and Christopher Grimm. Allen solicited an investment from Christopher Grimm on behalf of Endeavor, CMS and Spa Tech. Am. Compl. at ¶ 23. According to the amended complaint the Grimms loaned $300,000 to Access Maine, a company created at the direction of Allen as an investment vehicle. *Id.* at ¶¶ 21, 26, 30-31. The loan was to be secured by a promissory note and a royalty finance agreement with CMS and Spa Tech. *Id.* at ¶ 27. The three members of Access Maine were the two Grimms and Robert Godfrey. *Id.* at ¶ 21. Godfrey was allegedly hired by Allen to set up and act as the president of BTG. *Id.* at ¶ 14. Allen acted as BTG's Chief Financial Officer. *Id.* at ¶ 11. Allen also was the executive director of a third company, Endeavor, which acted as a management company for CMS and Spa Tech. *Id.* Allen was acting within the scope of his employment at CMS when he entered into the participation agreement with the plaintiffs. *Id.* at ¶ 27. Godfrey was named the manager of Access Maine. *Id.* at ¶

---

[2] HSTI, Headhunter Spa Tech Institute and Spa Tech Institute are the same entity and are labeled "Spa Tech" for the purposes of this memorandum.

21. At Allen's direction, Godfrey transferred approximately $280,000 invested by the Grimm's in Access Maine to BTG. *Id.* at ¶ 31. Allen then directed Godfrey to write checks from BTG to pay payroll expenses for CMS and Spa Tech, Stecker's personal tax obligations and expenses incurred by companies managed by Endeavor. *Id.* at ¶¶ 33-36. BTG, CMS and Spa Tech made some loan repayments totaling approximately $18,000. *Id.* at ¶ 38. The Grimms never received the promissory note or the royalty agreement that they allegedly were promised. *Id.* at ¶ 39.

## III. DISCUSSION

### A. Personal Jurisdiction Over CMS (Counts III and VI)

Under Maine's long arm statute, 14 M.R.S.A. 704-A (2005), and due process requirements, this State may exercise jurisdiction over a nonresident defendant when the court finds: "(1) Maine has a legitimate interest in the subject matter of the litigation; (2) the defendant, by [his] own conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice." *Commerce Bank & Trust Co. v. Dworman*, 2004 ME 142, ¶ 14, 861 A.2d 662, 666 (citations omitted). After the plaintiff has proven the first two prongs, the burden shifts to the defendant to prove that by exercising personal jurisdiction the court is violating traditional notions of fair play and substantial justice. *Id.* "The record is construed in the manner most favorable to the plaintiff." *Bickford v. Onslow Mem'l Hosp. Fund*, 2004 ME 111, ¶ 10, 855 A.2d 1150, 1155.

To demonstrate that Maine has a legitimate interest in the subject matter of the litigation, a plaintiff must assert more than a mere interest "in providing a

3

Maine resident with a forum for redress against a nonresident." *Murphy v. Keenan*, 667 A.2d 591, 594 (Me. 1995). The state has "an interest in regulating and/or sanctioning parties who reach out beyond one state and create continuing relationships and obligations with Maine citizens for the consequences of their activities." *Elec. Media Int'l v. Pioneer Communications*, 586 A.2d 1256, 1259 (Me. 1991)(citations omitted).

Here, the plaintiffs allege funds for CMS were solicited from the plaintiffs. Am. Compl. at ¶ 23. As part of the investment and at the direction of CMS's agent, the plaintiffs started a Maine company, Access Maine. *Id.* at ¶ 19 & 21. Some of the funds invested in that company were diverted to CMS. *Id.* at ¶ 33. The plaintiffs have alleged sufficient facts permitting the court to find that Maine has a legitimate interest in the subject matter due to CMS's intentionally entering into business relationships with the plaintiffs in the State of Maine.

In order to demonstrate that the defendant should have reasonably expected litigation in Maine, the defendant must show that the nonresident defendant "purposely directs his activities at residents of" Maine by "deliberately engaging in significant activities" in this state or by "creating continuing obligations between himself and residents of" Maine. *Harriman v. Demoulas Supermarkets, Inc.*, 518 A.2d 1035, 1037 (Me. 1986)(quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475).

The plaintiff has alleged that CMS transacted business with the plaintiffs in the State of Maine including entering a contract with Endeavor, a Maine company, in which it purports to have business locations in Maine, agrees to be bound by Maine law and in which it contracts to have its operations and financial affairs managed by Endeavor. Am. Compl. at ¶ 19 and Ex. A. The

4

plaintiffs' claim that money they invested in Access Maine was improperly conveyed to CMS. *Id.* at ¶ 33. The plaintiffs allege that they were told that the plaintiffs' investment was secured by CMS. *Id. at* ¶ 25. Construing the record in the favor of the plaintiff, it appears that CMS sought out relationships with multiple Maine companies and residents and in doing so faces the consequences of those relationships in Maine courts.

Finally, the defendant has the burden of proving that if Maine exercises jurisdiction it would not comport with traditional notions of fair play and substantial justice. CMS denies the plaintiffs' allegations and argues that it should not be held responsible for the actions of its subsidiaries. However, the plaintiffs' have claims against CMS, not just its subsidiaries. CMS also claims that it has no business relationships in Maine. The facts alleged by plaintiffs show that CMS did at some point have business relationships with the plaintiffs in Maine.

CMS has not provided a compelling reason that shows it is unfair or unjust for the court to exercise jurisdiction over it in this case.

**B. Failure to State a Claim (Counts III, IV, VI, VII, and VIII)**

*1. Standard of Review*

When reviewing a Motion to Dismiss based on a failure to state a claim upon which relief can be granted, the court examines the complaint "in the light most favorable to the plaintiff and accept[s] the material facts of the complaint as true." *Davric Me. Corp. v. Bangor Historic Track, Inc.*, 2000 ME 102, ¶6, 751 A.2d 1024, 1028 (citations omitted); *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43, 46. A court should dismiss the action only if "it appears beyond a reasonable doubt that a plaintiff is entitled to no relief under any set of

facts that [the plaintiff] might prove to support [their] claim." *Moody*, 2004 ME 20 ¶ 7, 843 A.2d at 47 (internal citation omitted).

If on a motion pursuant to Rule 12(b)(6) "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . .parties shall be given reasonable opportunity to present all material pertinent to such a motion." M.R. Civ. P. 12(b). Attached to the plaintiff's response to the motion are a number of exhibits that support the factual allegations in the complaint and in their response memorandum of law. These exhibits are excluded as irrelevant and are not considered by the court since the motion concerns only the sufficiency of the pleadings.

### 2. Breach of Contract

The plaintiffs' breach of contract claims arise from an agreement executed by them and by Allen who plaintiffs' allege was acting as an employee of CMS and on behalf of Stecker. The plaintiffs' argue that by accepting money from them, Stecker and CMS ratified the agreement signed by Allen. An agency relationship results "from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *Desfosses v. Notis, Me.*, 333 A.2d 83, 86 (1975). "Maine applies the Restatement (Second) of Agency to determine the limits of imposing vicarious liability on an employer. . . section 228 of the Restatement provides that a master may be vicariously liable for the actions of its agent when the agent's conduct was within the 'scope of employment'." *Mahar v. Stonewood Transport*, 2003 ME 63, ¶¶ 13-14, 823 A.2d 540, 544 (2003)(citations omitted). Conduct is within the scope of employment when it meets three criteria: "(a) it is of the kind he is

6

employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master." Restatement (Second) of Agency § 228(1). The existence of an agency relationship "is generally a question of fact." *QAD Investors, Inc. v. Kelly*, 2001 ME 116, ¶ 18, 776 A.2d 1244, 1249.

### a. Count III

Count III concerns a breach of contract claim by the plaintiffs against CMS. The basis of that claim is that Allen was working within the scope of his employment at CMS when he signed the participation agreement and that CMS is vicariously liable for the actions for Allen. The amended complaint alleges that Allen was the Chief Financial Officer of CMS. Amend. Comp. ¶ 12. That Allen was working within his scope of employment and as CMS's agent when the Participation Agreement with the Grimms was executed. *Id.* ¶ 51-52. The plaintiffs' also allege that provisions of the participation agreement were breached. *Id.* ¶ 39.

The plaintiffs' complaint alleges sufficient facts, that if proven would entitle them to relief under a theory of breach of contract.

### b. Count IV

The standard to pierce the corporate veil is that (1) the defendant abused the privilege of a separate corporate identity; and (2) an unjust or inequitable result would occur if the court recognized the separate corporate existence. *Johnson v. Exclusive Properties Unlimited*, 1998 ME 244, ¶ 6, 720 A.2d 568, 571.

Count IV concerns a breach of contract claim against Kris Stecker based on the fact that Stecker is the owner and sole shareholder of CMS. Amend Comp. ¶ 55-56. The complaint alleges that Stecker did not respect a separate corporate

entity and that he used CMS funds to pay personal obligations. *Id.* ¶ 58. The plaintiff also alleges that the participation agreement executed by Allen was made on behalf of CMS and that Stecker was involved in CMS's negotiations. *Id.* 51 & 57. The plaintiffs argue that because Stecker was aware that the money he appropriated from CMS to pay his tax obligations came from the plaintiffs' investment and he was involved in soliciting that investment, he should be held personally liable for the breach of the participation agreement.

The plaintiffs' complaint set forth sufficient allegations that if proved by plaintiff may compel a court to pierce the corporate veil and hold Stecker personally liable for the breach of the participation agreement.

### 3. Unjust Enrichment

To sustain a claim for unjust enrichment, the plaintiffs must prove "that [they] conferred a benefit on the other party . . . that the other party had appreciation or knowledge of the benefit . . . and . . . that the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value." *Forrest Assocs. v. Passamaquoddy Tribe*, 2000 ME 195, ¶ 14, 760 A.2d 1041, 1046 (internal quotations omitted) (citation omitted). "Unjust enrichment describes recovery for the value of the benefit retained *when there is no contractual relationship*." *In re Wage Payment Litig. v. Wal-Mart Stores, Inc.*, 2000 ME 162, ¶ 19, 759 A.2d 217, 224 (internal quotations omitted) (citations omitted) (emphasis in original).

### a. Count VI

Count VI asserts a claim for unjust enrichment against CMS based on funds from the Grimms' investment that were used to pay CMS's tax obligations. Amend Comp. ¶ 66. The plaintiffs claim that CMS benefited from the plaintiff's

8

loan and it would be inequitable for CMS to retain the benefit. *Id.* ¶ 68. Viewing the evidence in a light most favorable to the plaintiff, it may be inferred that CMS appreciated or had knowledge of the benefit that plaintiffs claim to have conferred upon CMS. The plaintiffs have alleged sufficient facts to set forth an unjust enrichment claim against CMS.

### b. Count VII

Count VII asserts a claim for unjust enrichment against Stecker. The plaintiffs allege funds supplied by them were used to pay Stecker's personal tax obligations. Amend. Comp. ¶ 71. It can be inferred from the pleadings that Stecker was aware that he retained a benefit from having his taxes paid. The plaintiffs claim that Stecker failed to repay them and that it would be inequitable for him to retain the benefit. *Id.* at 72-73. The plaintiffs' complaint sets forth sufficient facts alleging unjust enrichment on the part of Stecker.

### c. Count VIII

Count VIII asserts a claim of unjust enrichment by Spa Tech. The plaintiffs allege that Spa Tech benefited from the loan made by plaintiffs and that they were solicited to invest in Spa Tech and induced to invest based on representations that Spa Tech would provide collateral to support the loan. Amend. Comp. ¶ 25. The plaintiffs claim that Spa Tech received funding from their loan and thereby benefited. *Id.* ¶ 76. Spa Tech is also alleged to have inequitable retained this benefit and never provided repayment or security to the plaintiffs. *Id.* ¶ 77-78. If the plaintiffs prove the facts alleged in their complaint they will likely recover from Spa Tech on a theory of unjust enrichment.

9

## IV. DECISION AND ORDER

The clerk will make the following entries as the Decision and Order of the court:

A. Defendants' Motion to Dismiss Counts III and IV on grounds of lack of personal jurisdiction is denied.

B. Defendants' Motion to Dismiss Counts III, IV, VI, VII and VIII for failure to state a claim upon which relief can be granted is denied.

SO ORDERED.

Dated: October 16, 2006

_____
Thomas E. Delahanty II
Justice, Superior Court

10

CHRISTOPHER GRIMM  - PLAINTIFF

Attorney for: CHRISTOPHER GRIMM
JOSEPH L GOODMAN  - RETAINED 12/28/2005
THE GOODMAN LAW FIRM, PA
392 FORE STREET
PO BOX 7523
PORTLAND ME 04112


ARTHUR GRIMM  - PLAINTIFF
ACCESS MAINE STREET #1, LLC - PLAINTIFF


vs
ROY ALLEN  - DEFENDANT
263 HOWLAND AVE,
ROCHESTER NY 14620
BTG ADMINISTRATIVE SERVICES, LLC - DEFENDANT
,
CAREER MANAGEMENT SERVICES, INC - DEFENDANT
,
ENDEAVOR FOUNDATION, INC. - DEFENDANT
,
HTSI SPA TECH INSTITUTE, INC. - DEFENDANT
,
Attorney for: HTSI SPA TECH INSTITUTE, INC.
ROBERT MITTEL  - RETAINED 03/14/2006
MITTEL ASEN LLC
85 EXHANGE ST, FLOOR 4
PO BOX 427
PORTLAND ME 04112-0427


KRIS STECKER  - DEFENDANT
,
Attorney for: KRIS STECKER
ROBERT MITTEL  - RETAINED 03/14/2006
MITTEL ASEN LLC
85 EXHANGE ST, FLOOR 4
PO BOX 427
PORTLAND ME 04112-0427

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2005-00767


**DOCKET RECORD**


Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 12/27/2005

## Docket Events:
12/27/2005 FILING DOCUMENT - COMPLAINT FILED ON 12/27/2005
           WITH SUMMARY SHEET. AD

12/28/2005 Party(s):  CHRISTOPHER GRIMM
           ATTORNEY - RETAINED ENTERED ON 12/28/2005
           Plaintiff's Attorney: JOSEPH L GOODMAN

03/09/2006 Party(s):  CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
           SUMMONS/SERVICE - PROOF OF SERVICE FILED ON 03/08/2006

03/09/2006 Party(s):  CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC

SUMMONS/SERVICE - PROOF OF SERVICE SERVED ON 02/24/2006
UPON DEFENDANT HTSI SPA TECH INSTITUTE TO CINDY PLOURDE (JBG).

03/10/2006 Party(s):  CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
OTHER FILING - OTHER DOCUMENT FILED ON 03/09/2006
OF PLAINTIFF'S EXHIBITS {TO THE COMPLAINT}(ORIGINALLY OMITTED; PLACED BEHIND
COMPLAINT)(JBG).

03/20/2006 Party(s):  HTSI SPA TECH INSTITUTE, INC.,KRIS STECKER
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 03/14/2006
OF DEFS SPA TECH AND STECKER FOR EXTENSION OF TIME AND FOR A MORE DEFINITE STATEMENT WITH
INCORPORATED MEMORANDUM  (DC)

03/20/2006 Party(s):  CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
MOTION - MOTION SERVICE BY PUBLICATION FILED ON 03/15/2006
OF PLAINTIFFS WITH EXHIBITS A & B  (DC)                          3-27-06
PROPOSED ORDER                                       4-5-06 PROPOSED ORDER

03/20/2006 Party(s):  CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 03/15/2006
OF PLAINTIFFS TO EXTEND TIME TO SERVE COMPLAINT INCLUDING BY PUBLICATION WITH EXHIBITS A,
B & C  (DC)

03/21/2006 Party(s):  CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
SUMMONS/SERVICE - PROOF OF SERVICE FILED ON 03/20/2006

03/21/2006 Party(s):  CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
SUMMONS/SERVICE - PROOF OF SERVICE SERVED ON 03/08/2006
UPON DEFENDANT KRIS STECKER (JBG).

03/21/2006 Party(s):  CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
SUMMONS/SERVICE - PROOF OF SERVICE FILED ON 03/20/2006

03/21/2006 Party(s):  CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
SUMMONS/SERVICE - PROOF OF SERVICE SERVED ON 03/16/2006
UPON DEFENDANT CAREER MANAGEMENT SERVICES, INC. TO KRIS STECKER (JBG).

03/24/2006 Party(s):  CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 03/20/2006
PAUL A FRITZSCHE , JUSTICE
PLAINTIFFS' MOTION TO EXTEND TIME TO SERVE COMPLAINT INCLUDING BY PUBLICATION IS GRANTED.
PLAINTIFF HAS THROUGH AND UNTIL 5-22-06 TO COMPLETE SERVICE. COPY MAILED JOSEPH GOODMAN
ESQ ON 3-24-06   (DC)                          04/19/06 COPY MAILED TO ROBERT MITTEL, ESQ.
(JBG).

04/05/2006 Party(s):  CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
MOTION - MOTION TO AMEND PLEADING FILED ON 04/04/2006
OF PLAINTIFFS WITH ATTACHMENTS AND AGREED-TO PROPOSED ORDER ON PLAINTIFF'S MOTION TO AMEND
AND DEFENDANTS' MOTION FOR AN EXTENSION OF TIME AND FOR MORE DEFINITE STATEMENT  (DC)

04/05/2006 Party(s):  CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
OTHER FILING - OTHER DOCUMENT FILED ON 04/04/2006
PLAINTIFFS' ANSWER TO DEFENDANT'S MOTION FOR AN EXTENSION OF TIME AND FOR A MORE DEFINITE

STATEMENT (DC)

04/05/2006 Party(s): CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 04/04/2006
OF PLAINTIFFS WITH EXHIBITS A-G  (DC)

04/14/2006 Party(s): CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
MOTION - MOTION TO AMEND PLEADING GRANTED ON 04/07/2006
THOMAS D WARREN , JUSTICE
4-14-06 COPY MAILED TO JOSEPH GOODMAN AND ROBERT MITTEL ESQS

04/14/2006 ORDER - COURT ORDER ENTERED ON 04/14/2006
THOMAS D WARREN , JUSTICE
PL. HAS FILED A MOTION TO SERVE DEFENDANTS, ALLEN AND CAREER MGT SERV. BY PUBLICATION.
BEFORE THE MOTION WILL BE GRANTED, PLAINTIFF NEEDS TO MAKE A SHOWING THAT SUFFICIENT
EFFORT HAS BEEN MADE TO LOCATE AND SERVE ALLEN PERSONALLY AT A RESIDENTIAL ADDRESS, NOT
JUST HIS FORMER OFFICE ADDRESS AN TO SUBMIT A PROPOSED ORDER THAT COMPLIES WITH RULE
4(G)(I)-(III) PLAINTIFF'S ORIGINAL PROPOSED ORDER DID NOT MAKE PROVISION FOR MAILING A
COPY OF THE ORDER TO DEFENDANTS AT THEIR LAST KNOW ADDRESS. THAT HAS  BEEN REMEDIED BUT
THE REMAINING REQUIREMENTS OF 4(G)(2) HAVE NOT YET BEEN SATISIFIED.  COPY MAILED TO JOSEPH
GOODMAN AND ROBERT MITTEL ESQS

04/14/2006 Party(s): HTSI SPA TECH INSTITUTE, INC.
ATTORNEY - RETAINED ENTERED ON 03/14/2006
Defendant's Attorney: ROBERT MITTEL

Party(s): KRIS STECKER
ATTORNEY - RETAINED ENTERED ON 03/14/2006
Defendant's Attorney: ROBERT MITTEL

04/14/2006 Party(s): HTSI SPA TECH INSTITUTE, INC.,KRIS STECKER
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 04/07/2006
THOMAS D WARREN , JUSTICE
COPIES TO PARTIES/COUNSEL

04/21/2006 Party(s): CAREER MANAGEMENT SERVICES, INC,HTSI SPA TECH INSTITUTE, INC.,KRIS STECKER
MOTION - MOTION TO ADMIT VISIT. ATTY FILED ON 04/20/2006
OF CAREERE MANAGEMENT SYSTEMENTS, INC; SPA TECH INC. AND KRIS STECKER TO ALLOW THOMAS G.
NICHOLSON TO PRACTICE IN THIS COURT FOR THIS CASE WITH CERTIFICTION OF VISITING ATTORNEY
(GM)

04/24/2006 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 04/24/2006
THOMAS E DELAHANTY II, JUSTICE

05/16/2006 Party(s): CAREER MANAGEMENT SERVICES, INC,HTSI SPA TECH INSTITUTE, INC.,KRIS STECKER
MOTION - MOTION TO DISMISS FILED ON 05/12/2006
OF DEFENDANTS, CAREER MANAGEMENT SYSTEMS, INC., HEADHUNTER II SCHOOL OF HAIR DESIGN, INC.
AND KRIS STECKER TO DISMISS COUNTS III, IV, VII AND VIII OF THE PLAINTIFFS' AMENDED
COMPLAINT;MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS, CAREER MANAGEMENT SYSTEMS,
INC., HEADHUNTER II SCHOOL OF HAIR DESIGN, INC., AND KRIS STECKER TO DISMISS COUNTS III,
IV, VII AND VIII  OF THE PLAINTIFFS' AMENDED COMPLAINT; AFFIDAVIT OF KRIS STECKER. AD

05/18/2006 Party(s): HTSI SPA TECH INSTITUTE, INC.,KRIS STECKER

LETTER - FROM PARTY FILED ON 05/18/2006
FROM ROBERT MITTEL, ESQ. ENCLOSING THEIR CHECK IN THE AMOUNT OF $200.00 TO COVER THE FEE
FOR THE ADMISSIONS OF TOM NICHOLSON AS A VISITING ATTORNEY. AD

05/23/2006 Party(s):   CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 05/19/2006
OF PLAINTIFFS, CHRISTOPHER GRIMM, ARTHUR GRIMM, AND ACCESS MAINE STREET #1, LLC UNOPPOSED
MOTION TO EXTEND TIME TO SERVE COMPLAINT INCLUDING BY PUBLICATION WITH ATTACHMENTS. AD

05/24/2006 Party(s):   CAREER MANAGEMENT SERVICES, INC,HTSI SPA TECH INSTITUTE, INC.,KRIS STECKER
MOTION - MOTION TO ADMIT VISIT. ATTY GRANTED ON 05/19/2006
THOMAS E DELAHANTY II, JUSTICE
MOTION GRANTED; SUBJECT TO ALL REQUIREMENTS OF M.R.CIV.P.89(B). AD

05/26/2006 Party(s):   CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 05/25/2006
THOMAS E DELAHANTY II, JUSTICE
PLAINTIFFS' MOTION TO EXTEND TIME TO SERVE COMPLAINT INCLUDING BY PUBLICATION IS GRANTED.
PLAINTIFF HAS THROUGH AND UNTIL JULY 22, 2006 TO COMPLETE SERVICE. ON 5-19-06 COPIES
MAILED TO ROBERT MITTEL, ESQ. AND JOSEPH GOODMAN, ESQ. AD

06/01/2006 Party(s):   CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 05/30/2006
OF PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO FILE ANSWER TO DEFENDANTS' MOTION TO
DISMISS.

06/01/2006 Party(s):   CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 05/30/2006
THOMAS E DELAHANTY II, JUSTICE
PLAINTIFFS' MOTION TO EXTEND TIME TO ANSWER DEFENDANTS' MOTION TO DISMISS IS GRANTED.
PLAINTIFF HAS THROUGH AND UNTIL JUNE 9, 2006 TO FILE AN ANSWER. ON 06-01-06 COPIES MAILED
TO JOSEPH GOODMAN, ESQ. AND ROBERT MITTEL, ESQ.

06/06/2006 Party(s):   ROY ALLEN
RESPONSIVE PLEADING - ANSWER FILED ON 06/05/2006
OF DEFENDANT ROY ALLEN (PRO SE) (DC)

06/12/2006 Party(s):   CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
OTHER FILING - REPLY MEMORANDUM FILED ON 06/09/2006
OF PLAINTIFFS, CHRISTOPHER GRIMM, ARTHUR GRIMM, AND ACCESS MAINE STREET #1 LLC ANSWER TO
DEFENDANT'S MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW WITH EXHIBITS A THRU F.
AD

06/13/2006 Party(s):   CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 06/13/2006

06/13/2006 Party(s):   CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/19/2006
UPON ROY ALLEN (GM)

06/16/2006 Party(s):   CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
SUMMONS/SERVICE - ACCEPTANCE OF SERVICE FILED ON 06/12/2006

06/16/2006 Party(s):  CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
          SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 05/19/2006
          UPON DEFENDANT, ROY ALLEN. AD

06/29/2006 Party(s):  CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 06/29/2006

06/29/2006 Party(s):  CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 06/19/2006
          UPON DEFENDANTS BTG ADMINISTRATIVE SERVICES AND ENDEAVOR FOUNDATION TO ROY ALLEN,
          EXECUTIVE DIRECTOR.  (DY)

08/02/2006 Party(s):  CHRISTOPHER GRIMM,ARTHUR GRIMM,ACCESS MAINE STREET #1, LLC
          MOTION - MOTION SERVICE BY PUBLICATION OTHER DECISION ON 05/25/2006
          PLEASE SEE ORDER OF MAY 25, 2006. THEY HAVE UNTIL JULY 22, 2006 TO FILE SERVICE BY
          PUBLICATION. AD

08/24/2006 Party(s):  CAREER MANAGEMENT SERVICES, INC,HTSI SPA TECH INSTITUTE, INC.,KRIS STECKER
          MOTION - MOTION TO CONTINUE FILED ON 08/23/2006
          OF DEFENDANTS' MOTION TO CONTINUE. AD

08/25/2006 Party(s):  CAREER MANAGEMENT SERVICES, INC,HTSI SPA TECH INSTITUTE, INC.,KRIS STECKER
          MOTION - MOTION TO CONTINUE GRANTED ON 08/24/2006
          THOMAS E DELAHANTY II, JUSTICE
          MOTION GRANTED. RESCHEDULE TO OCTOBER 12, 2006. ON 08-25-06 COPIES MAILED TO JOSEPH
          GOODMAN, ESQ. AND ROBERT MITTEL, ESQ.AD

10/12/2006 HEARING - MOTION TO DISMISS HELD ON 10/10/2006
          THOMAS E DELAHANTY II, JUSTICE
          Plaintiff's Attorney:  JOSEPH L GOODMAN
          ON DEFENDANTS, CAREER MANANGEMENT SYSTEMS, INC., HEADHUNTER II SCHOOL OF HAIR DESIGN, INC.
          AND KRIS STECKER MOTION TO DISMISS COUNTS III, IV, VI, VII AND VIII.
                                        NO RECORD MADE.
                          ROBERT MITTELL, ESQ. PRESENT FOR CAREER, HTSI SPA, STECKER.
                  THOMAS NICHOLSON, ESQ. PRESENT FOR CAREER, HTSI SPA, STECKER.

10/12/2006 Party(s):  CAREER MANAGEMENT SERVICES, INC,HTSI SPA TECH INSTITUTE, INC.,KRIS STECKER
          MOTION - MOTION TO DISMISS UNDER ADVISEMENT ON 10/10/2006
          THOMAS E DELAHANTY II, JUSTICE
          Plaintiff's Attorney:  JOSEPH L GOODMAN
          COURT TAKES MATTER UNDER ADVISEMENT. NO RECORD MADE.                    ROBERT MITTELL,
          ESQ. PRESENT FOR CAREER, HTSI SPA, STECKER.          THOMAS NICHOLSON, ESQ. PRESENT
          FOR CAREER, HTSI SPA, STECKER.

10/16/2006 Party(s):  CAREER MANAGEMENT SERVICES, INC,HTSI SPA TECH INSTITUTE, INC.,KRIS STECKER
          MOTION - MOTION TO DISMISS DENIED ON 10/16/2006
          THOMAS E DELAHANTY II, JUSTICE
          THE CLERK WILL MAKE THE FOLLOWING ENTRIES AS THE DECISION AND ORDER OF THE COURT: A.
          DEFENDANTS' MOTION TO DISMISS COUNTS III AND IV ON GROUNDS OF LACK OF PERSONAL
          JURISDICTION IS DENIED. B. DEFENDANTS' MOTION TO DISMISS COUNTS, III, IV, VI, VII AND VIII
          FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED IS DENIED. SO ORDERED. ON
          10-16-06 COPIES MAILED TO ROBERT MITTEL, JOSEPH GOODMAN, ESQS, MS. DEBORAH FIRESTONE, GOSS
          MIMEOGRAPH, DONALD GARBRECHT LAW LIBRARY AND LOISLAW.COM, INC.

A TRUE COPY
ATTEST: _____
Clerk